UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| EMANUEL RANDAZZO AND<br>KAREN RANDAZZO | CIVIL ACTION |
| VERSUS | No. 06-6687 |
| STATE FARM INSURANCE<br>COMPANY AND EDWARD<br>SCHAUMBURG | SECTION "C" |

## ORDER

The Court previously ordered briefing on whether the jurisdiction amount existed at the time of removal and whether Edward Shaumburg was fraudulently joined for the purpose of preventing removal to the federal court pursuant to diversity jurisdiction.  The parties may neither consent to nor waive federal subject matter jurisdiction.  *Simon v. Wal-Mart Stores, Inc.*, 193 3d 848 (5th Cir. 1999).  Bare assertions by the removing party are insufficient to invest a federal court of jurisdiction.  *Asociacion Nacional De Pescadores A Pequena Escala O Artesanales De Colombis (ANPAC) v. Dow Quimica De Dolombia, S.A.*, 988 F>2d 559 (5th Cir. 1993), *cert. denied*, 114 S.Ct. 685 (1994).  Insetad, the Fifth Circuit advises the district courts that they should review their subject matter jurisdiction in cases such as this.  *Id.*, *Luckett v. Delta Airlines, Inc.*, 171 F.3d 295 (5th Cir. 1999).  In order to remain in federal court, the removing parties must prove by a preponderance of the evidence that the jurisdictional minimum

exists. *Id.* This showing may be made by either: (1) demonstrating that it is facially apparent that the claims are likely above the jurisdictional minimum; or (2) setting forth the facts in controversy that support a finding of the jurisdictional minimum. *Id.* It is the recognized burden of the party invoking jurisdiction "both to allege with sufficient particularity the facts creating jurisdiction, in view of the nature of the right asserted, and, if appropriately challenged, or if inquiry be made by the court of its own motion, to support the allegation." *St. Paul Mercury Indeminty Co. v. Red Cab Co.,* 303 U.S. 283, 287, fn. 10 (1938) (citing, *McNutt v. General Motors Corp*., 298 U.S. 178, 182-189 (1936)); *Diefenthal v. Civil Aeronautics Board*, 681 F.2d 1039 (5th Cir. 1982), *cert. denied*, 459 U.S. 1107 (1983).

The defendants have not met their burden. The Court acknowledges that the plaintiffs are asking for an unspecified amount in damages for loss of use of their home and attorneys' fees in addition to $22,907.71 for wind and rain damage to their home and spoiled food. However, the plaintiffs also "stipulated" in their state court petition that the amount in controversy did not exceed $50,000. Furthermore, the plaintiffs filed an Irrevocable Stipulation of Damages with this Court on October 31, 2006, in which they affirm that their damages do not exceed the jurisdictional minimum. The Court also recognizes that this stipulation may not be "binding" for purposes of Louisiana Code of Civil Procedure article 862 under the reasoning of *Crosby v. Lassen Canyon Nursery, Inc.*, 2003 WL 22533617 (E.D.La.) ( J. Vance). The stipulations are, however, evidence of the jurisdictional amount for present purposes, and the defendants present no other proof that the jurisdictional minimum existed at the relevant time.

In addition, this Court has held that the Multiparty, Multiforum Trial Jurisdiction Act, 28 U.S.C. § 1369 ("MMTJA") does not provide a basis for subject matter jurisdiction under these

circumstances. *Fidelity Homestead Ass'n. v. The Hanover Insurance Co.* 2006 WL 2873563 (E.D.La.).

Based on the record and the law, the Court finds that the defendant has not established subject matter jurisdiction, In addition, the Court is mindful that removal jurisdiction is strictly construed. See, *Shamrock Oil & Gas Corp. v. Sheets*, 313 U.S. 100 (1941); *Brown v. Demco, Inc*., 792 F.2d 478 (5th Cir. 1986); *Butler v. Polk*, 592 F.2d 1293 (5th Cir. 1979); C. Wright, A. Miller & E. Cooper, 14B *Federal Practice & Procedure: Civil*, § 3721. When subject matter jurisdiction is doubtful, remand is appropriate. C. Wright, A. Miller & E. Cooper, 14B *Federal Practice & Procedure: Civil*, § 3739.

IT IS ORDERED that this matter be and hereby is **REMANDED** to the 34th Judicial District Court for the Parish of St. Bernard, State of Louisiana for lack of jurisdicion under 28 U.S.C. § 1147(c).

IT IS FURTHER ORDERED that Plaintiffs' Motion to Remand (Rec. Doc. 4) is hereby **DISMISSED AS MOOT**.

New Orleans, Louisiana, this 8th day of November, 2006.

HELEN G. BERRIGAN
UNITED STATES DISTRICT JUDGE